IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STATE OF KANSAS,

                Plaintiff,

Vs.                                Case No.  07-40074-01-SAC

DANIEL J. JACKSON,

                Defendant.

MEMORANDUM AND ORDER

On July 6, 2007, defendant Daniel J. Jackson filed a Notice of Removal seeking to remove to this court a pending Saline County, Kansas criminal prosecution against him.  This matter is now before the court for screening pursuant to 28 U.S.C. § 1446(c)(4), which requires this court to promptly examine an attempt to remove a state criminal prosecution, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  Because the defendant is acting pro se, the court holds his submissions to a less stringent standard than formal pleadings drafted by attorneys. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

For purposes of this motion this court assumes the truth of all well-pleaded allegations.

The jurisdiction of the federal courts is limited, and removal jurisdiction must be strictly construed. *See Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09 (1941).  "There is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).

**Untimely removal**

The court first examines whether defendant's notice of removal from the state court criminal case was timely filed. The relevant statute provides:

> A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except for good cause shown the United States district court may enter an order granting the defendant ...leave to file the notice at a later time.

28 U.S.C. § 1446(c)(1).  This thirty-day limit expresses the goal that criminal cases be removed early, if at all, assuring that the federal court

has a chance to review the state court case before it has significantly progressed.

Defendant, who was arraigned on November 13, 2006, admits that his notice of removal was not filed until after the thirty-day deadline, and has filed a request to file his petition for removal out of time. The sole reason stated in support of that motion is that he was "unaware of the time constraints" as required by statute. Dk. 3., p. 1.

Generally, a pro se litigant's ignorance of the rules does not constitute good cause for an extension. *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (regarding failure to timely serve process); *Bell v. Hillman Group,* 2006 WL 2620113, *2 (D.Ariz. 2006); *Charles v. New York City Police Dept., No. 96CIV.9757*,1999 WL 717300, at *6 (S.D.N.Y. Sep. 15, 1999) (examining Rule 4(m)). The same is true here. No good cause for filing the removal petition out of time has been shown.

Remand is particularly appropriate in light of the fact that defendant's state court criminal case has been ongoing for over seven months, and has substantially progressed, as evidenced by defendant's allusion to various proceedings including a suppression hearing and a change of venue hearing. Dk. 1, p. 2. The purposes served by early

removal of state criminal proceedings would not be met by removal of this case.

Accordingly, the court need not address whether defendant has met the difficult burden of strictly complying with the substantive requirements of 28 U.S.C. § 1443(1),[1] the only statute which could provide a jurisdictional basis for removal in this case. *See Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *Miller v. Lambeth*, 443 F.3d 757, 761 -762 (10th Cir.2006); *Colorado v. Lopez*, 919 F.2d 131,132 (10th Cir.1990).

It is a "serious step" to remove a state criminal prosecution to federal court, and "comity demands that federal courts dot their i's and cross their t's" before doing so. *Wyoming v. Livingston,* 443 F.3d 1211, 1225 (10th Cir. 2006), citing *Mesa v. California*, 489 U.S. 121,138 (1989) (stressing the "strong judicial policy against federal interference with state criminal proceedings") (internal quotation marks omitted). Thus the court does not lightly excuse a litigants' failure to fully comply with the rules governing removal of criminal cases.

The court finds that summary remand of this action is

---

[1] If this court does not order summary remand, it must hold an evidentiary hearing promptly. 28 U.S.C. § 1446(5).

appropriate. Accordingly, defendant's related motions shall be denied as moot.

IT IS THEREFORE ORDERED that defendant's motion for permission to remove the action (Dk.1) is denied; that defendant's motion for leave to proceed in forma pauperis (Dk. 2) is denied; that defendant's motion for leave to file removal out of time (Dk. 3) is denied; that defendant's motion to stay state court proceedings (Dk. 4) is denied; that defendant's motion for evidentiary hearing (Dk. 5) is denied, and that defendant's motion to appoint counsel (Dk. 6) is denied.

IT IS FURTHER ORDERED that this action is remanded to the District Court of Saline, Saline County, State of Kansas.

Dated this 13th day of July, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge